Argued and submitted March 28, affirmed December 26, 2001

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT ALLAN ISBELL,
*Appellant.*

## CR9802507; A108589

38 P3d 272

Jesse Wm. Barton, Chief Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

KISTLER, J.

Deits, C. J., concurring.

**KISTLER, J.**

Defendant was convicted of three counts of second-degree robbery. On appeal, he argues that the court erred in imposing Measure 11 sentences on the last two counts. We affirm.

Defendant was charged with four counts of second-degree robbery. The robberies occurred at four different locations on four different days. The first count was dismissed, and defendant pled guilty to the remaining three counts. If defendant had been sentenced under Measure 11, he would have received a 70-month sentence on each of the three counts. *See* ORS 137.700(2)(a)(R). Defendant argued below, however, that ORS 137.712(2)(d) authorized the trial court to impose a guidelines sentence on all three counts because, among other things, he did not have a "previous conviction."[1] Defendant had not been convicted of any crime before he committed the three robberies, and he argued that the phrase "previous conviction" refers to a judgment of conviction that had been entered in the register before the trial court imposed sentence on the three counts of robbery.

The state agreed that defendant did not have a "previous conviction" with respect to the first robbery count and that ORS 137.712 authorized the court to impose a guidelines sentence on that count. It reasoned, however, that defendant's conviction on the first count of robbery constituted a previous conviction that barred him from receiving a guidelines sentence on the remaining two counts. The trial court agreed with the state. It imposed a 39-month sentence on the first count and consecutive 70-month sentences on the remaining two counts.

■ On appeal, defendant raises the same issue that he raised below. He argues that the trial court erred because it

---

[1] Ballot Measure 11 mandates a 70-month sentence for second-degree robbery. ORS 137.700(2)(a)(R). In 1997, the legislature enacted ORS 137.712, which authorizes a court to impose a guidelines sentence if certain criteria are met. Or Laws 1997, ch 852, § 4. "If the conviction is for robbery in the second degree," one of those criteria is that "the defendant does not have a previous conviction for [certain specified] crime[s]." ORS 137.712(2)(d).

misinterpreted the meaning of the phrase "previous conviction." As noted above, ORS 137.712(2)(d) provides that, when a defendant is convicted of second-degree robbery, he or she can receive a guidelines sentence only if, among other things, "the defendant does not have a previous conviction for a crime listed in subsection (4) of this section." The statute also defines the phrase "previous conviction." It means "a conviction that was entered prior to imposing sentence on the current crime provided that the prior conviction is based on a crime committed in a separate criminal episode." ORS 137.712(6)(b).

Despite that definition, the parties continue to debate what "previous conviction" means. Focusing on the word "entered," defendant argues that "a conviction * * * entered prior to imposing sentence" means a judgment of conviction entered in the register before the sentence was imposed on the current crime. The state responds that defendant makes too much of a single word. In its view, the term "conviction" cannot be read to mean "judgment." It follows, the state reasons, that the entry of a conviction is necessarily a separate event from the entry of a judgment of conviction.

■ ■    The word "conviction" has two generally accepted meanings. *Vasquez v. Courtney*, 272 Or 477, 480, 537 P2d 536 (1975). As the court explained in *Vasquez*:

> "The first [meaning] refers to a finding of guilt by a plea or verdict. The second, more technical, meaning refers to the final judgment entered on a plea or verdict of guilt. In the latter case conviction has not been accomplished until the judgment is made by the court."

*Id.* It follows that, under *Vasquez*, the initial question is whether the legislature intended that the word "conviction" would refer to a finding of guilt or to a judgment of conviction. *See State v. Rodarte*, 178 Or App 173, 35 P3d 1116 (2001); *State v. Allison*, 143 Or App 241, 923 P2d 1224, *rev den* 324 Or 487 (1996). In analyzing that question, we look initially to the text and context of ORS 137.712. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993).

ORS 137.712(6)(a) defines the term "conviction." It provides that " '[c]onviction' includes, but is not limited to" a

juvenile court adjudication and an out-of-state conviction for a crime that has an Oregon counterpart. ORS 137.712(6)(a). The listed examples make clear that the term "conviction" includes adjudications that might not otherwise be viewed as such. Those two examples, however, do not expressly or by implication resolve the question presented by this case, and we note that the legislature specifically provided that they are not exclusive.

In other parts of ORS 137.712, the legislature used the term "conviction" to refer to a finding of guilt. ORS 137.712(1)(a) provides that "when a person is convicted [of certain crimes], the court may impose a [guidelines] sentence" rather than a Measure 11 sentence. Similarly, ORS 137.712(2) provides that a "conviction is subject to" a guidelines sentence if certain criteria are met. *See also* ORS 137.712(2)(a)-(d) (using conviction in the same manner). More specifically, the subsection that applies here provides that, "[i]f the conviction is for robbery in the second degree," a guidelines sentence may be imposed if, among other things, the "defendant does not have a previous conviction" for certain specified crimes. ORS 137.712(2)(d).

■ The legislature repeatedly used the word "conviction" in ORS 137.712 to refer to an event that precedes sentencing; that is, it repeatedly used the word to refer to a finding of guilt. The court has explained that the "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute." *PGE*, 317 Or at 611. That rule of construction leads to the conclusion that the term "conviction" means a finding of guilt in both the definition of "previous conviction" and the remainder of the statute. Defendant, however, seeks to avoid the force of that rule. He notes that, in defining the phrase "previous conviction," the legislature referred to a "conviction that was entered." He also notes that judgments of conviction are entered in the register. It follows, he reasons, that the use of the word "entered" in the definition of previous conviction shows that the legislature used the term "conviction" differently in that definition from the way it used it in the remainder of the statute.

Defendant places more weight on the word "entered" than it will bear. ORS 7.020 provides that in every action, suit, and proceeding, the circuit court shall maintain a register, which will reflect "[t]he date of making, filing and *entry* of any order, judgment, ruling or other direction of the court in or concerning [an] action, suit or proceeding." (Emphasis added.) Contrary to the assumption that underlies defendant's argument, judgments are not the only judicial acts that are entered in the register. Rather, every "order, * * * ruling or other direction of the court" is also entered. *See* ORS 7.020(2). In this case, for example, the case register shows that defendant's convictions—the findings of guilt based on his guilty plea—were entered in the register. The judgment of conviction was later entered in the register. Because findings of guilt and judgments are both entered in the register,[2] the legislature's use of "entered" in ORS 137.712(6)(b) provides no reason to depart from the general rule that "conviction" has the same meaning throughout ORS 137.712. *See PGE*, 317 Or at 611.

The context leads to the same conclusion. When the legislature has intended to refer to the entry of a judgment in a criminal action, it has used the term judgment together with the term entry. ORS 137.170 provides, for example, that "[w]hen judgment in a criminal action is given, the clerk shall enter the same in the register." ORS 138.071(1) provides that a notice of appeal "shall be served and filed not later than 30 days after the judgment or order appealed from was entered in the register." Similarly, ORS 137.310 provides that a judgment may be executed after it has been entered in the register. When the legislature has intended to refer to the entry of a judgment of conviction, it has used the term "judgment" to express its intent. It has not referred to entering the conviction.

---

[2] ORS 3.070 and ORS 7.020 distinguish between "filing" and "entry." Filing a conviction—a verdict or a guilty plea—with the court clerk does not constitute entering that conviction in the register. *See* ORS 7.020(1) and (2). We note that defendant has not argued in this case that the court's finding of guilt on the first count of robbery was not entered in the register before the trial court imposed sentence on the second and third counts of robbery. Rather, his argument has been limited to the claim that the term "previous conviction" refers to judgments of conviction rather than findings of guilt.

Given that pattern, we find no basis for saying that the word "conviction" means one thing in most of ORS 137.712 but something else when it is used to define "previous conviction." *See PGE*, 317 Or at 611. Rather, having considered the text of the statute, its context, and the applicable rules of construction, we conclude that "conviction" is used throughout ORS 137.712 to refer to a finding of guilt. *See State v. Bucholz*, 317 Or 309, 317-18, 855 P2d 1100 (1993).[3]

The remaining issue is what the legislature meant when it referred to a "previous" conviction. On that point, we explained in *Allison* that "previous" has meaning only in relation to another event. 143 Or App at 246. A previous conviction could mean a finding of guilt that occurred before the commission of the crime for which the defendant is being sentenced. *Id.* at 246-48. Alternatively, a previous conviction could refer to a finding of guilt that occurred before conviction of the current crime. *Id.* Finally, a previous conviction could mean a finding of guilt that occurred before the sentence is imposed on the current crime. *Id.*

In *Allison*, we could not tell from the text and context of the statute which meaning was intended. Relying on the legislative history, we held that the legislature intended to refer to a conviction that had been entered before the current crime had been committed. *Allison*, 143 Or App at 256. Here, the legislature has defined "previous conviction." ORS 137.712(6)(b) provides:

> " 'Previous conviction' means a conviction *that was entered prior to imposing sentence on the current crime* provided that the prior conviction is based on a crime committed in a separate criminal episode."

---

[3] The issue in *Bucholz* and *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993), was whether a conviction on one crime could be used to enhance a defendant's criminal history score when the crimes were committed in separate criminal episodes but sentenced together. The court noted that the commentary to the applicable sentencing guidelines rule stated that the rule had been amended "to provide that the offender's criminal history is to include all prior convictions * * * entered against the offender 'at the time the current crime or crimes of conviction is sentenced.' " *Bucholz*, 317 Or at 317-18 (citation omitted). The court explained that that portion of the commentary supported the trial court's decision to use the first conviction in calculating the defendant's criminal history score on the later convictions. *Id.* at 318; *Miller*, 317 Or at 301-02 (applying that analysis to separate counts charged in the same indictment).

(Emphasis added.) "Previous conviction" accordingly means a finding of guilt that is entered in the register any time before sentence is imposed on the current crime.[4] The trial court correctly ruled that defendant was eligible for a guidelines sentence on the first count of second-degree robbery but ineligible on the second and third counts.

Affirmed.

**DEITS, C. J.,** concurring.

I agree with the result reached by the majority and, generally, with its reasoning. I write separately to emphasize several contextual statutes that I find particularly persuasive in concluding that the majority's reading of the statute is correct.

By its terms, ORS 137.712(6)(b) defines "previous conviction" as "a conviction that was entered prior to imposing sentence on the current crime *provided that the prior conviction is based on a crime committed in a separate criminal episode.*" (Emphasis added.) The question presented in this case is whether a "previous conviction" includes a conviction for a crime committed in a separate criminal episode but tried in the same criminal proceeding or case. I agree with the majority that it does and that the trial court therefore properly sentenced defendant under ORS 137.700, rather than ORS 137.712, for the second and third crimes for which he was convicted in this case.

The emphasized phrase establishes a limitation on what crimes may be considered "previous convictions" for the purpose of sentencing under ORS 137.712: they cannot have been committed in the same "criminal episode." ORS 131.505(4) defines "criminal episode" for the purpose of the double jeopardy statutes, ORS 131.515 to ORS 131.535, as "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment

---

[4] The legislature's use of the phrase "current crime" and the proviso make clear that the legislature understood that "previous conviction" refers to a finding of guilt on a crime that is separate from the "current crime" on which the defendant is being sentenced. The legislature thus avoided the analytical problem that we noted in *Allison. See Allison,* 143 Or App at 247.

of a single criminal objective." I believe that definition provides guidance here as to the meaning of the phrase "criminal episode" in ORS 137.712(6)(b).

Next, ORS 132.560 sets out circumstances in which two or more offenses may or are required to be tried together and, conversely, when they may or must be tried separately. *See* ORS 132.560(1)(b)(A)-(C) (two or more offenses may be charged as separate counts in the same charging instrument (and thus tried in the same criminal proceeding) if the offenses are of the same or similar character, are based on the same act or transaction, or are based on "two or more acts or transactions connected together or constituting parts of a common scheme or plan"); ORS 132.560(2) (if there are two or more charging instruments pertaining to offenses described in ORS 132.560(1), the court may order them to be consolidated); ORS 132.560(3) (if it appears that the state or the defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2), the court may order separate trials or other relief).

Although ORS 132.560 does not use the term "criminal episode," it is apparent that some of the circumstances described therein, such as some offenses "based on the same act or transaction," ORS 132.560(1)(b)(B), can be encompassed within that concept. *See State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975) (holding that "same criminal episode" as used in ORS 131.515 is "synonymous with same transaction" in ORS 132.560); *State v. Knight*, 160 Or App 395, 403, 981 P2d 819 (1999).[1] Thus, crimes committed in the same criminal episode may be tried together. However, crimes that were not committed in the same criminal episode also may be tried together—for example, when they are of the same or similar character. ORS 132.560(1)(b)(A). Finally, two or more offenses that were committed as part of the same criminal episode may be charged and tried separately. ORS 132.560(3). The second of those circumstances is relevant here: defendant committed two or more offenses that were

---

[1] *But see State v. Bush*, 174 Or App 280, 289-93, 25 P3d 368 (2001) (where the indictment alleged that the defendant's crimes occurred as part of "the same act and transaction," but the defendant did not dispute that the crimes, in fact, arose from separate criminal episodes, the trial court did not err in treating the crimes as separate criminal episodes for criminal history sentencing purposes).

not part of the same criminal episode as defined in ORS 131.505(4); the offenses nevertheless were tried together in the same proceeding as offenses of the same or similar character under ORS 132.560(1)(b)(A).

The next contextual provisions of interest are those demonstrating that the legislature knows how to refer, in a sentencing statute, to a "previous proceeding" or the "same proceeding." *See, e.g.*, ORS 137.124(1), (2) (providing for service in state or local facilities of consecutive sentences imposed in "a previous proceeding" or "the same proceeding"). Similarly, it knows how to refer to sentences that have been "previously imposed" or "simultaneously imposed." *See, e.g.*, ORS 137.123 (providing for court authority to impose sentences concurrently or consecutively to "any other sentence which has been previously imposed or is simultaneously imposed").

Finally, as one additional example, it is of interest that the legislature knows how to provide expressly that a sentence may be imposed only "upon conviction for [a crime having as an element the use or threatened use of a firearm] committed after punishment" or "after imprisonment" for a previous conviction for a crime involving a firearm. ORS 161.610(4)(b), (c).

Again, in defining "previous conviction" for the purpose of ORS 137.712, the legislature expressly provided that a "previous conviction" includes only offenses committed in a "separate criminal episode" and thus, does not include offenses committed in the same criminal episode. In so providing, the legislature presumably was aware that, under ORS 132.560, crimes committed in, in effect, separate criminal episodes nevertheless can be charged in the same indictment and tried in the same proceeding. Nevertheless, it did not expressly address that circumstance or any other circumstance that would impose a further limitation on which crimes can be considered "previous crimes," such as the one in ORS 161.610 relating to crimes for which "punishment" or "imprisonment" has not been completed.

Under this state's rules of statutory construction, including the admonition that we are not to insert what the legislature has omitted, it is apparent to me that we therefore cannot read into ORS 137.712(6)(b) any other limitation on

the definition of "previous conviction" than the one that the legislature has expressly addressed. Specifically, as pertinent here, we cannot read into ORS 137.712(6)(b) a limitation relating to crimes tried in the "same proceeding." Accordingly, for the purposes of sentencing under ORS 137.712, although a "previous conviction" does not include a crime committed in the same criminal episode, it does include a crime committed in a separate criminal episode and tried in the same proceeding.

Here, defendant was convicted of three offenses committed in separate criminal episodes, albeit the offenses were tried in the same proceeding. Under those circumstances, defendant was precluded, under the criterion in ORS 137.712(2)(d)(D) and the definition of "previous conviction" in ORS 137.712(6)(b), from obtaining sentencing under ORS 137.712 for his second and third convictions. For all of the above reasons, I concur in the majority's conclusion.