Argued and submitted April 30, sentence vacated; remanded for resentencing; otherwise affirmed July 25, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN PATRICK ARNOLD,
*Defendant-Appellant.*

Josephine County Circuit Court
05CR0798; A131476

164 P3d 334

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant was convicted of second-degree robbery, ORS 164.405, and received a mandatory minimum sentence of 70 months' imprisonment pursuant to ORS 137.700. On appeal, defendant asserts that the court erred in concluding that he was not eligible for a lesser sentence under ORS 137.712, which authorizes a trial court to impose a sentencing guidelines sentence of less than the mandatory minimum sentence otherwise required by ORS 137.700 in certain circumstances. In response, the state agrees in essence with defendant's interpretation of ORS 137.712, but argues that defendant's assignment of error is unreviewable under ORS 138.222(4)(a) and that, in any event, any error is harmless because the court did not make findings that would support a lesser sentence under ORS 137.712. As explained below, we conclude that (1) the asserted error is reviewable; (2) the court erred in its determination that, as a matter of law, defendant was ineligible for a lesser sentence under ORS 137.712; and (3) the error was not harmless. Consequently, we vacate defendant's sentence and remand the case to the trial court so that it may decide, based on a correct understanding of the law, whether to impose a sentence under ORS 137.712.

The facts pertinent to the issues on appeal are not in dispute. Defendant was charged with second-degree robbery. ORS 164.405(1) provides, in pertinent part:

"A person commits the crime of robbery in the second degree if the person violates ORS 164.395 [attempting to commit theft by use or threats of physical force] and the person:

"(a)   Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon[.]"

The state presented evidence that defendant agreed with accomplices Peterson and Rooker to rob the victim, Lynch, and split the proceeds of the robbery. Defendant provided his accomplices with weapons and drove them to, and subsequently away from, Lynch's house. While defendant waited in the car, Rooker and Peterson approached Lynch. Rooker

shoved a shotgun into Lynch's abdomen and told her to get down. When Lynch resisted, Rooker and Peterson ran back to defendant's car, and defendant drove his accomplices from the scene of the crime. They were apprehended shortly thereafter. At trial, the state proceeded on the theory that defendant was guilty of second-degree robbery on an aid-and-abet theory.[1] Defendant was convicted of second-degree robbery after a trial by jury.

At sentencing, defendant argued that, although second-degree robbery carries a mandatory minimum 70-month sentence under ORS 137.700, the trial court should consider him for a lesser sentencing guidelines sentence pursuant to ORS 137.712. ORS 137.712 provides, in pertinent part:

> "(1)(a) Notwithstanding ORS 137.700 * * *, when a person is convicted of * * * robbery in the second degree as defined in ORS 164.405, the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 * * * if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence. * * *
>
> "* * * * *
>
> "(2) A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:
>
> "* * * * *
>
> "(d) If the conviction is for robbery in the second degree:
>
> "(A) That the victim did not suffer a significant physical injury;
>
> "(B) That, if the defendant represented by words or conduct that the defendant was armed with a dangerous

---

[1] Defendant does not argue that the state failed to prove the necessary elements of that offense and that he should have been convicted only of third-degree robbery. Cf. State v. Rennells, 213 Or App 423, 162 P3d 1006 (2007) (addressing requisites of direct liability for second-degree robbery and noting, expressly, that potential availability of aid-and-abet liability was not presented for court's review).

weapon, the representation did not reasonably put the victim in fear of imminent significant physical injury;

"(C)   That, if the defendant represented by words or conduct that the defendant was armed with a deadly weapon, the representation did not reasonably put the victim in fear of imminent physical injury; and

"(D)   That the defendant does not have a previous conviction for a crime listed in subsection (4) of this section."

Defendant posited that he was eligible for the lesser sentence available under subsection (1) because, under subsection (2), the victim did not suffer a significant physical injury, he had no previous convictions as described in subsection (4) of the statute, and, although defendant's accomplice Rooker represented "by words or conduct" that Rooker was armed with a deadly weapon, defendant made no representations at all. The trial court concluded that defendant was not eligible for a sentence pursuant to ORS 137.712(1) because, under the state's aid-and-abet theory of liability, defendant was responsible for Rooker having represented to the victim that Rooker was armed with a deadly weapon, which put the victim in fear of imminent physical injury. Accordingly, the court imposed the 70-month sentence required by ORS 137.700.

On appeal, defendant contends that the court erred in failing to determine that he was eligible for a lesser sentence under ORS 137.712. The state responds that, while defendant is correct in his interpretation of ORS 137.712, the assignment of error is not reviewable or, alternatively, any error was harmless.

As a preliminary matter, we must determine whether defendant's claim of error is reviewable by this court. ORS 138.222 defines our scope of review of sentencing errors. That statute provides, in part:

"(1)   Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"(2)   Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction

entered for a felony committed on or after November 1, 1989, the appellate court may not review:

"(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission.

"(b)   A sentence of probation when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(c)   A sentence of imprisonment when the rules of the Oregon Criminal Justice Commission prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record.

"(e)   Except as authorized in subsections (3) and (4) of this section, any other issue related to sentencing.

"(3)   In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission, sentence review is limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the Oregon Criminal Justice Commission:

"(a)   Are supported by the evidence in the record; and

"(b)   Constitute substantial and compelling reasons for departure.

"(4)   *In any appeal, the appellate court may review a claim that:*

"(a)   *The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence;*

"(b)   The sentencing court erred in ranking the crime seriousness classification of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes; or

"(c)   The sentencing court erred in failing to impose a minimum sentence that is prescribed by ORS 137.700 or 137.707."

(Emphasis added.)

This case does not involve the type of sentence for which review is specifically prohibited by subsection (2). Accordingly, the question is whether review is permitted under subsection (4). *See generally State v. Adams*, 315 Or 359, 365, 847 P2d 397 (1993) (ORS 138.222(4)(a) is not an exception from the limitations found in ORS 138.222(2)).

Framed in the simplest terms, the question before us is whether ORS 138.222(4)(a) permits this court to review a sentencing issue when the sentence that was imposed indisputably is a lawful sentence. That is, it is not disputed that the sentencing court had the authority to impose the sentence that it did under ORS 137.700. The asserted legal error is not that the court imposed a sentence that was unlawful; rather, it is that the court erroneously determined that defendant was not eligible to be considered for a *different* lawful sentence.

Although we have addressed the reviewability of claims of sentencing error on many occasions, our decisions could, frankly, be understood to militate towards conflicting results in this case. That is, some of our decisions have assumed that the type of error asserted here is reviewable. *See, e.g., State v. Crescencio-Paz*, 196 Or App 655, 103 P3d 666 (2004), *rev den*, 339 Or 230 (2005) (apparently assuming that state's challenge to procedure by which court imposed sentence under ORS 137.712 was reviewable, despite lack of argument that the sentence itself was unlawful); *State v. Isbell*, 178 Or App 523, 38 P3d 272 (2001) (apparently assuming that the defendant's challenge to court's conclusion that he was not eligible for sentence under ORS 137.712 was reviewable, despite lack of argument that the sentence itself was unlawful). Conversely, other decisions may suggest the opposite result—that, in fact, review under ORS 138.222(4)(a) may concern only "the lawfulness of the sentence itself." *State v. Lavitsky*, 171 Or App 506, 513, 17 P3d 495 (2000), *rev den*, 332 Or 430 (2001); *see also State v. Sanchez*, 160 Or App 182, 186-88, 981 P2d 361, *rev den*, 329 Or 318 (1999).

■    The question is one of statutory construction. Accordingly, we begin by viewing the text in context. *PGE v. Bureau*

*of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The operative text is "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." Obviously, defendant, in assigning error on appeal, contends that the sentencing court "failed to comply with requirements of law." However, the dispositive inquiry for purposes of reviewability is narrower and more particular: Did the court fail to comply with requirements of law *"in imposing **or** failing to impose a sentence"*? (Emphasis and boldface added.) Thus, the statute authorizes review in either of two disjunctive circumstances.

The first disjunctive circumstance—*viz.*, that the court failed to comply with requirements of law "in imposing * * * a sentence"—is inapposite. Semantically and syntactically, that language pertains to the circumstance in which the sentence imposed was itself erroneous. Here, however, the sentence that the trial court imposed was itself lawful. Again, the claimed error was that the trial court erroneously failed to consider whether to impose a different lawful sentence.

The resolution of reviewability thus reduces to whether the trial court here "failed to comply with requirements of law in * * * *failing to* impose a sentence." ORS 138.222(4)(a) (emphasis added). We note, at the outset, that it is at least arguable that the asserted error—*viz.*, that the court erred in not considering whether to impose a sentence that ultimately is discretionary—is not an error in "failing to impose a sentence." That is arguably so because a court is never actually *required* to impose a discretionary sentence.

However, such an interpretation of ORS 138.222(4)(a) —essentially reading "failing to impose a sentence" as "failing to impose a *required* sentence"—would run afoul of at least two "first-level" maxims of statutory construction. First, in construing a statute, we are not to "insert what has been omitted." ORS 174.010. Second, "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. *See, e.g., EQC v. City of Coos Bay*, 171 Or App 106, 110, 14 P3d 649 (2000) ("We are required, if possible, to avoid construing statutes in a way that renders any provision meaningless."). If we were

to interpret "failing to impose a sentence" as pertaining only to situations in which the court failed to impose the only possible authorized sentence, then that provision would be entirely subsumed within what is already covered in the prior clause—"failed to comply with requirements of law in imposing * * * a sentence." *Ipso facto*, a court that "fail[ed] to impose" the only legally permissible sentence would necessarily have erred "in imposing" whatever sentence it did impose.

In sum, such a construction would render the "failing to impose" clause gratuitous. We thus conclude that the text of ORS 138.222(4)(a), when read in light of applicable first-level maxims of statutory construction, authorizes review of the disposition here.

■ Nothing in the statutory context of ORS 138.222(4)(a) suggests otherwise. However, "context," in construing statutes, also includes judicial interpretations of the statute. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998); *State v. Stubbs*, 193 Or App 595, 600, 91 P3d 774, *rev den*, 337 Or 669 (2004).

As noted above, 214 Or App at 207, our decisions could be understood to support divergent—and even conflicting—constructions and applications of ORS 138.222(4)(a). In some cases we have assumed that error of the sort asserted here is reviewable. *See, e.g., Crescencio-Paz*, 196 Or App at 657; *Isbell*, 178 Or App at 525. Conversely, we have, on some occasions, suggested that ORS 138.222(4)(a) allows only a challenge to "the lawfulness of the sentence itself." *Lavitsky*, 171 Or App at 513 (citing *Sanchez*, 160 Or App at 186-88). For the reasons that follow, we conclude that *Lavitsky* and *Sanchez* are materially distinguishable in that they pertain only to the portion of ORS 138.222(4)(a) that concerns "imposing * * * a sentence," and not to the "failing to impose" provision.

In *Lavitsky*, the state appealed from an amended judgment that modified an earlier judgment so as to reflect that the defendant should receive credit for time served on another conviction. 171 Or App at 508. The sentence in question was a guidelines presumptive sentence. The state argued on appeal that the trial court lacked authority to modify the judgment. *Id.* at 510. We began by addressing whether

the asserted error was reviewable. We first noted that ORS 138.222(2)(a), which bars review of guidelines presumptive sentences, was not dispositive because "[t]he state has no quarrel with the term or the length of the sentence." *Id.* at 512. Rather, we observed, the state took issue with "procedural issues pertaining to how the sentence was imposed: the trial court's authority to amend the sentence at all and the manner in which the trial court dated the amended judgment." *Id.* Accordingly, we examined whether ORS 138.222(4)(a) authorized review. We concluded:

> "The state's claim here is that imposition of an amended sentence was beyond the court's authority under that statute and, thus, that the sentence itself was unlawful. That contention falls squarely within the terms of what we may review under ORS 138.222(4)(a)—that is, a claim that the sentencing court 'failed to comply with requirements of law *in imposing * * * a sentence.*' The same is true of the state's argument that the particular modification that the court made was legally erroneous. That claim likewise challenges the lawfulness of the sentence itself based on the court's alleged noncompliance with legal requirements *in imposing the amended sentence*; it is not a challenge to the lawfulness of the procedures that merely precede the imposition of a sentence. Thus, that claim, too, is within the scope of the issues that we may review."

*Lavitsky*, 171 Or App at 513-14 (footnote omitted; ellipsis in original; emphasis added).

Our statement that the challenge was "not a challenge to the lawfulness of the procedures that merely precede the imposition of a sentence," *id.* at 513, was a reference to the basis on which we distinguished the circumstances in *Lavitsky* from those in *Sanchez*. *Sanchez*, in turn, had held that an argument on appeal that the sentencing court had erred in failing to have a foreign language interpreter place her credentials into the record at sentencing was not reviewable under ORS 138.222(4)(a) because, even if error, it was not error " 'in imposing or failing to impose a sentence.' " *Sanchez*, 160 Or App at 186. We observed that "[t]he language [of ORS 138.222(4)(a)] suggests that the focus of the statute is the sentence itself, not procedures that lead to the actual imposition of the sentence." *Id.* We went on to state

that "the courts of this state have construed ORS 138.222 to apply only to the lawfulness of the sentence itself, not the procedures by which it was imposed," *id.*, and that the asserted error was unreviewable because it "concern[ed] the procedure by which the sentence is imposed, not the sentence itself." *Id.* at 188.

When read in isolation, some of the above-quoted language from *Sanchez* and *Lavitsky* might seem to indicate that ORS 138.222(4)(a) in its entirety permits review only if the sentence ultimately imposed is, itself, an erroneous sentence.

However, when those statements are read and understood in the context in which they were made, it is clear that we were interpreting the portion of ORS 138.222(4)(a) that concerns failure to comply with requirements of law in *imposing* a sentence. In *Sanchez*, the asserted error, while occurring during a sentencing proceeding, did not relate in any discernible way to the sentence itself. There was no suggestion in that case that the alleged error affected the sentence that was imposed, or that the error somehow affected how the court ultimately arrived at the sentence that it did. In *Lavitsky*, the asserted error was that, at the time the court entered an amended judgment modifying the sentence, it lacked authority to do so—that is, a court's entry of a judgment modifying a sentence constitutes a failure " 'to comply with requirements of law in imposing' " a sentence if, at the time the court does so, it lacks authority to do so. 171 Or App at 513-14.

Thus, even assuming that *Lavitsky* and *Sanchez* stand for the proposition that the portion of ORS 138.222(4)(a) that pertains to errors "in imposing" sentence limits our review to the sentence itself, they are not dispositive here. Put bluntly, those cases stand for the unremarkable proposition that a failure "to comply with the requirements of law in imposing * * * a sentence" permits us to review sentences that are alleged to be unlawful in some way. Those cases do not, however, mean that our review for failure "to comply with the requirements of law in * * * failing to impose a sentence" pertains only to sentences that, as

imposed, are unlawful. Indeed, as explained above in our textual analysis, such an interpretation would, effectively, render the "failing to impose" language gratuitous. *See* 214 Or App at 208-09.

■ We thus conclude, after considering the statutory text in context, that the application of the "failing to impose" provision of ORS 138.222(4)(a) to these circumstances is unambiguous: That provision permits this court to review a sentencing issue when the sentence that was imposed was an authorized sentence, but the trial court is asserted to have erroneously determined that the defendant was not eligible for a different, also authorized, sentence.

■ We turn, then, to the substance of defendant's assignment of error. As noted, the sentencing court held that defendant was not eligible for consideration of a lesser sentence under ORS 137.712(1)(a), because defendant was liable for the conduct of his accomplice who had represented "by words or conduct that the defendant was armed with a deadly weapon," ORS 137.712(2)(d)(C). In making that determination, the court relied on ORS 161.155(1)(b), which holds a person criminally liable for the conduct of another person constituting a crime if the person acts with intent and "[a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]" For the reasons that follow, we conclude that the trial court erred in understanding ORS 137.712(2)(d)(C) to incorporate the principles embodied in ORS 161.155.

ORS 161.155 pertains to criminal liability, specifically one person's "criminal liability" for conduct of another. Here, defendant's criminal liability was established when the jury found him guilty of second-degree robbery based on an aid-and-abet theory. Conversely, ORS 137.712 is a sentencing statute. Whether or not an "aid-and-abet" construct applies to particular sentencing factors depends entirely on the text of the sentencing statute or rule at issue.

*State v. Lark*, 316 Or 317, 851 P2d 1114 (1993), is instructive. There, the issue was what offense subcategory the defendant's first-degree burglary conviction fell within under the sentencing guidelines. The crime seriousness score assigned to that crime under the guidelines varied depending

on a number of factors, such as whether "the offender was armed with a deadly weapon," or "the offender caused or threatened physical injury to the victim," or "the offense was committed in an occupied dwelling," etc. *Id.* at 320 n 2 (quoting OAR chapter 253, division 4, Appendix 3).

In *Lark*, the defendant "aided and abetted an accomplice in committing the burglary of an occupied dwelling, but * * * he did not enter the dwelling personally." *Id.* at 320. The sentencing court determined the offense subcategory based on the determination that the offense had been committed in an occupied dwelling. *Id.* On appeal, the defendant argued that, because he did not personally enter the building, the "committed in an occupied dwelling" offense subcategory should not have applied. The Supreme Court disagreed:

> "[T]he factors on which the subcategories are based are expressed in two different ways. Some factors describe *conduct of the offender*. Other factors describe *circumstances attendant on, or resulting from, the commission of the offense.* * * *
>
> "* * * * *
>
> "We must interpret the sentencing guidelines to effectuate the legislative intent. When a factor describes conduct of the offender—such as 'the offender caused or threatened to cause serious physical injury to the victim'—then the subcategory based on that factor applies to a defendant only if the defendant personally engaged in the described conduct.
>
> "In contrast, when a factor describes a circumstance attendant on, or resulting from, the commission of the offense—such as, 'the offense was committed in an occupied dwelling'—then the subcategory based on that factor applies to a defendant whenever that circumstance attends, or results from, the commission of the offense, whether or not the defendant personally caused the circumstance. In this situation, it does not matter whether or not a defendant is convicted as a principal; it is enough that the circumstance, described in the factor on which the relevant offense subcategory is based, exists."

*Id.* at 324-25 (emphasis in original). *See also State v. Flanigan*, 316 Or 329, 333-34, 851 P2d 1120 (1993) (where the defendant was convicted of first-degree burglary on an

aid-and-abet theory, court should not have applied offense subcategory factor that "defendant caused or threatened physical injury" based on accomplice's conduct).

The method of statutory interpretation of offense subcategory factors prescribed in *Lark* applies equally to this case. The factors listed in ORS 137.712 that are determinative of whether a defendant may be considered for a lesser sentence fall into either of the two categories described in *Lark*, *viz.*, "conduct of the offender" and "circumstances attendant on, or resulting from, the commission of the offense." *Lark*, 316 Or at 324. Specifically, ORS 137.712(2)(d) contains examples of both types of factors. For example, ORS 137.712(2)(d)(A) allows a defendant convicted of second-degree robbery to be considered for a lesser sentence if "the victim did not suffer a significant physical injury." That factor describes a "circumstance[ ] * * * resulting from[ ] the commission" of the offense (or, more aptly, the absence of such a circumstance). *Lark*, 316 Or at 324. Thus, a sentencing court could conclude that a defendant was disqualified from receiving a lesser sentence under ORS 137.712 if the victim suffered a significant physical injury in the course of a crime, regardless of whether or not the defendant being sentenced had personally inflicted that injury.

Conversely, the factor at issue here—whether *"the defendant* represented by words or conduct that *the defendant* was armed with a deadly weapon," ORS 137.712(2)(d)(C) (emphasis added)—explicitly addresses the "conduct of the offender" personally. *Lark*, 316 Or at 324. If the legislature had wished to disqualify a defendant from consideration for a sentence under ORS 137.712 in circumstances in which an accomplice, but not the defendant personally, had made such a representation, the statute would not have repeatedly and consistently emphasized the definitive reference, "the defendant."[2] In sum, the trial court, in determining that defendant could not be eligible for an ORS 137.712 sentence, erroneously construed and applied ORS 137.712(2)(d)(C) to extend to the conduct of an accomplice.

_____

[2] The state does not dispute that conclusion and, in fact, acknowledges that "the legislature's use of the word 'defendant' leaves little room for doubt" as to its intent.

■    The state argues, nevertheless, that defendant is not entitled to a remand for resentencing under these circumstances. Specifically, the state posits that, regardless of the sentencing court's erroneous legal determination, defendant still was not eligible for a reduced sentence under ORS 137.712, because the court may impose such a sentence only "if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence." ORS 137.712(1)(a). The state further asserts that, because the sentencing court made no finding of a substantial and compelling reason that justifies a lesser sentence, defendant could not have received a reduced sentence under ORS 137.712—and, thus, that any error was, in essence, harmless.

The state's argument puts the cart before the horse. The trial court never considered whether a substantial and compelling reason justified a lesser sentence precisely because of its erroneous conclusion that defendant was ineligible for a lesser sentence as a matter of law. Under these circumstances, the proper disposition is to vacate defendant's sentence and remand the case to the trial court so that it may decide, based on a correct understanding of the law, whether to impose a sentence under ORS 137.712.

Sentence vacated; remanded for resentencing; otherwise affirmed.