Submitted March 20, convictions on Counts 3 and 4 reversed and remanded with instructions to enter a single conviction for second-degree robbery; remanded for resentencing; otherwise affirmed April 17, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANKLIN DOMINIC BROOKS,
*Defendant-Appellant.*

Washington County Circuit Court
C032256CR; A148065

300 P3d 256

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was found guilty of two counts of second-degree robbery (Counts 3 and 4) and one count of first-degree burglary (Count 5). The court entered separate convictions on the robbery counts and sentenced defendant to the mandatory minimum sentences under ORS 137.700 on each robbery conviction: concurrent 70-month prison terms.

On appeal, defendant challenges the trial court's failure to merge his guilty verdicts for robbery into a single conviction. He also argues that the trial court erred in determining that he was disqualified under ORS 137.712(2)(d)(C) from receiving a lesser sentence than the mandatory minimum sentence under ORS 137.700. The state concedes that the trial court erred in both respects, and that the case must be remanded for merger and for resentencing.

A discussion of the facts of this case would not benefit the bench, the bar, or the public. Suffice it to say that the state's concessions are well taken, and we accept them. *See State v. White*, 346 Or 275, 211 P3d 248 (2009) (holding that the trial court erred in failing to merge the defendant's guilty verdicts for two counts of second-degree robbery that arose out of the same criminal episode); *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007) (holding that a representation by an accomplice that the accomplice is armed does not disqualify the defendant, under ORS 137.712(2)(d)(C), from receiving a lesser sentence than the mandatory minimum under ORS 137.700). Accordingly, we reverse defendant's second-degree robbery convictions and remand with instructions for the trial court to enter a single conviction for second-degree robbery. We also remand for resentencing, at which time the trial court can consider whether defendant is otherwise eligible for a lesser sentence under ORS 137.712 and, if so, whether to exercise its discretion to impose such a sentence.

Convictions on Counts 3 and 4 reversed and remanded with instructions to enter a single conviction for second-degree robbery; remanded for resentencing; otherwise affirmed.