Argued and submitted January 31; reargued and submitted April 30, appeal dismissed as moot; on cross-appeal, sentences vacated; remanded for resentencing; otherwise affirmed July 25, cross-respondent's petition for review allowed; decision of Court of Appeals vacated, and case remanded to Court of Appeals for reconsideration November 1, 2007 (343 Or 366)

# STATE OF OREGON,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

# GREGORY JAMES HOPSON,
*Defendant-Appellant*
*Cross-Respondent.*

Josephine County Circuit Court
03CR0270; A126720

164 P3d 342

Marc D. Brown, Deputy Public Defender, argued the cause for appellant-cross-respondent. With him on the briefs were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent-cross-appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

PER CURIAM

---

* Rosenblum, J., *vice* Brewer, C. J. (Jan 31, 2007 argument).

**PER CURIAM**

Defendant, who was convicted after a jury trial of one count of first-degree sodomy, ORS 163.405, and one count of first-degree kidnapping, ORS 163.235, appeals, assigning error to the trial court's determination that he is a "sexually violent dangerous offender," ORS 137.765. Defendant contends that the trial court's determination in that regard violated the Sixth Amendment to the United States Constitution under the principles enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The state cross-appeals, assigning error to the court's imposition of concurrent sentences, based on the court's determination that, although it believed that consecutive sentences would be justified, the principles of *Apprendi* and *Blakely* precluded the imposition of such sentences based on judicial factfinding. As explained below, we agree with the state on cross-appeal, and therefore remand for resentencing on the cross-appeal. Given that disposition, we need not reach defendant's assignment of error on appeal.

■ As an initial matter, we note that the issue that the state raises on cross-appeal is reviewable under ORS 138.222(4)(a) (as a claim that the "sentencing court failed to comply with requirements of law in * * * failing to impose a sentence"). *See State v. Arnold*, 214 Or App 201, 212, 164 P3d 334 (2007) (appellate court may review a sentencing issue when the sentence that was imposed was an authorized sentence, but the lower court is asserted to have erroneously determined that the defendant was not eligible for a different, also legally authorized, sentence).

■ The issue raised in the cross-appeal was resolved by this court in *State v. Tanner*, 210 Or App 70, 76, 150 P3d 31 (2006), in which we held that "judicial factfinding in support of consecutive sentences does not violate the Sixth Amendment." The trial court erred in its conclusion to the contrary. Given that that error requires us to remand the case for resentencing, ORS 138.222(5), there is no need for us to reach the sentencing issue raised by defendant on appeal.

Appeal dismissed as moot. On cross-appeal, sentences vacated; remanded for resentencing; otherwise affirmed.