On respondent-cross-appellant's petition for reconsideration filed March 19, reconsideration allowed; former disposition withdrawn; former opinion (220 Or App 366, 186 P3d 317 (2008)) modified and adhered to as modified; on appeal, sentence vacated; remanded for resentencing; otherwise affirmed; on cross-appeal, reversed and remanded April 29, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*
*Cross-Appellant,*

*v.*

GREGORY JAMES HOPSON,
*Defendant-Appellant,*
*Cross-Respondent.*

Josephine County Circuit Court
03CR0270; A126720

206 P3d 1206

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

In this serpentine appeal, the state, invoking *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009), petitions for reconsideration of our most recent decision in this case, *State v. Hopson*, 220 Or App 366, 186 P3d 317 (2008) (*Hopson III*). For the reasons that follow, we grant reconsideration, adhere to our opinion as modified, and alter our disposition on the state's cross-appeal.

We recount, as necessary context, the procedural history. Defendant was convicted of first-degree sodomy and first-degree kidnapping. At sentencing, the trial court determined that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), it could not impose consecutive sentences based on its own factual findings, ORS 137.123, but that it could impose a sexually violent dangerous offender sentence, under ORS 137.767, on the sodomy conviction based on those findings. Defendant appealed, arguing that the court erred in imposing a sexually violent dangerous offender sentence because *Blakely* and *Apprendi* required jury findings to support such a sentence; the state cross-appealed, arguing that the court erred in concluding that it could not impose consecutive sentences on the convictions in light of *Blakely* and *Apprendi*. *Hopson III*, 220 Or App at 368.

In our original opinion, *State v. Hopson*, 214 Or App 288, 164 P3d 342 (2007) (*Hopson I*), we reversed and remanded for resentencing on cross-appeal in light of our then-recent decision in *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006).[1] Accordingly, we did not reach the issue raised on appeal. *Hopson I*, 214 Or App at 289 ("Given that that error requires us to remand the case for resentencing, ORS 138.222(5), there is no need for us to reach the sentencing issue raised by defendant on appeal.").

The Oregon Supreme Court allowed review and, following its decision in *State v. Ice*, 343 Or 248, 170 P3d 1049

---

[1] In *Tanner*, we rejected a defendant's *Apprendi/Blakely*-based challenge to the imposition of a consecutive sentence under ORS 137.123 predicated on judicial factfinding.

(2007), remanded the case to us for reconsideration. *State v. Hopson*, 343 Or 366, 170 P3d 1064 (2007) (*Hopson II*).

Following that remand, in *Hopson III*, we revisited our disposition of the state's cross-appeal:

> "In *Ice*, the Oregon Supreme Court held that judicial factfinding in support of consecutive sentences pursuant to ORS 137.123 violated the rule of law announced in *Blakely* and *Apprendi*. Consequently, and contrary to our original disposition, the trial court in this case was correct in concluding that it lacked the ability to make factual findings in support of a consecutive sentence."

220 Or App at 368. Accordingly, we affirmed with respect to the state's cross-appeal. *Id.* at 373.

Given that conclusion, we then addressed defendant's assignment of error on appeal (which, again, we had not reached in *Hopson I* because of our original disposition in that case of the cross-appeal): "Does judicial factfinding in support of a sexually violent dangerous offender sentence pursuant to ORS 137.765 * * * run afoul of *Blakely* and *Apprendi*?" *Hopson III*, 220 Or App at 368. After an extensive discussion, *id.* at 369-73, we answered that question in the affirmative and, consequently, concluded that the trial court had erred in imposing sentence pursuant to ORS 137.765. Accordingly, on the appeal, we vacated defendant's sentence and remanded for resentencing. *Id.* at 373.

After *Hopson III*, the United States Supreme Court, in *Oregon v. Ice*, reversed the Oregon Supreme Court's decision in *State v. Ice*. Perhaps ironically, the Court's holding corresponded to that in *Tanner*, on which our disposition in *Hopson I* had rested. Thus, this case has, in some ways, simply circled back to its original starting point. Given that circumstance, the simplest course would be just to vacate our intervening decision in *Hopson III* and reinstate our decision and disposition in *Hopson I*—to wit: "Appeal dismissed as moot. On cross-appeal, sentences vacated; remanded for resentencing; otherwise affirmed." *Hopson I*, 214 Or App at 290.

We decline, for prudential reasons, to follow that simple course. That is so for two related reasons: *First,*

although we may, effectively, have returned to our starting point, in the course of this case's circuitous journey we addressed and resolved a very substantial issue pertaining to the application of *Apprendi* and *Blakely* principles to the imposition of sentence pursuant to ORS 137.765. To be sure, but for *State v. Ice* we would never have reached that question in *Hopson III*, but we did—and our determination of that matter has, presumably, informed and guided sentencing courts since *Hopson III* issued. Our analysis there was correct and should not be effectively rescinded by way of withdrawing our entire decision in *Hopson III*.

*Second*, and more immediately, our analysis in *Hopson III* can afford valuable guidance to the trial court on remand in this case. Although a reversal on the cross-appeal will necessitate (as it would have in *Hopson I*) a complete vacating of defendant's sentences, including the ORS 137.765 component, there is a substantial prospect for reimposition of such a sentence on remand. Our analysis in *Hopson III* is instructive as to the process that must be followed in that event.

Consistently with the foregoing, we: (1) modify our opinion in *Hopson III* to delete the second full paragraph of the opinion, 220 Or App at 368, and otherwise adhere to our opinion; and (2) alter our disposition of the cross-appeal from "affirmed" to "reversed and remanded."

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; on appeal, sentence vacated; remanded for resentencing; otherwise affirmed. On cross-appeal, reversed and remanded.