Argued and submitted March 12, affirmed May 2, 1990

STATE OF OREGON,
*Respondent,*

*v.*

DONALD C. SMITH,
*Appellant.*

(C88-06-33824; CA A60718)

791 P2d 500

Martin W. Reeves, Portland, argued the cause and filed the brief for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## GRABER, P. J.

Defendant was charged with rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, and kidnapping in the first and second degrees. ORS 163.235; ORS 163.225. The jury acquitted him of sodomy and kidnapping but convicted him of rape. He appeals, and we affirm.

The charges arose from events that occurred on the evening of January 26 and the morning of January 27, 1988. Defendant testified that he met the victim in a bar and that she voluntarily accompanied him to his house. According to defendant, he and the victim used cocaine and drank alcohol, after which they engaged in consensual oral sexual conduct and sexual intercourse. The victim's version was very different. She testified that she met defendant on the street and that he offered her a ride. He did not take her where she wanted to go, but forcibly took her to his house, instead. There, he had oral sexual relations and sexual intercourse with her against her will. The victim also testified that she did not use cocaine or drink alcohol while at defendant's house.

Defendant makes four assignments of error. First, he argues that the trial court erroneously limited evidence about the victim's past cocaine use. Before trial, the state moved to restrict defendant's anticipated use of that evidence. Defendant wanted to introduce a hospital report showing that the victim had tested positive for cocaine on March 8, 1987, and wanted to have her former boyfriend testify that she had experienced "a serious cocaine problem" and an alcohol problem in the spring and summer of 1986. The court ruled that evidence about the victim's cocaine use was admissible only if it were closer in time to January 26, 1988. Although it is not entirely clear, the ruling appears to have been that defendant could introduce evidence of the victim's positive test for cocaine use in July, 1987, and could explore the issue of her cocaine use from December, 1987, through the night in question.

On direct examination of the victim, the state elicited testimony that she had used cocaine in July and August, 1987, but that she had not used it since then. Defendant chose not to address the subject on cross-examination. However, he made two offers of proof: the hospital report of March, 1987, show-

ing the victim's positive test for cocaine use, and the former boyfriend's testimony.[1]

■ Defendant argues that the evidence was relevant to discredit the victim's denial of cocaine use on the night of the crime and was, therefore, admissible. Nonetheless, the court had discretion to exclude it under OEC 403.[2] The court said that it would permit defendant to inquire into the victim's cocaine use on and for a significant period before January 26, 1988. The court did not abuse its discretion under OEC 403 in excluding the former boyfriend's testimony and the March, 1987, test for cocaine use. We also reject defendant's argument that the court's ruling violated his rights under the state and federal Confrontation Clauses.

■ The second and third assignments of error relate to defendant's contention that the court erred in allowing a question on cross-examination of a defense witness. On direct examination, an acquaintance of defendant's testified that she had seen a woman get out of defendant's truck at about 2:30 a.m., one week after the crime, and approach the door of the bar at which defendant said that he had met the victim.[3] She

---

[1] Defendant also argues that other evidence of the victim's past cocaine use should have been admitted. However, we consider only what defendant presented in his offers of proof. *State v. Affeld,* 307 Or 125, 764 P2d 220 (1988).

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[3] Defendant contends that he offered the testimony to corroborate his version of the events of the evening on which the crime took place and to rebut the victim's story. However, the defense witness testified about events that occurred on the night of February 2 and 3, not January 26 and 27. She testified that she was sure that it was February 2, because that was the first Tuesday in February, she had her first date with her boyfriend Leon that night, and her daughter's birthday was during the same week. If the witness was mistaken about the date, her error was not disclosed during cross-examination, and there was no objection to her testimony. The indictment charged that the alleged crimes occurred on February 2 and 3, but the victim testified at trial that the events took place on January 26 and 27. Her physician testified that she visited him for treatment for rape on January 28. Defendant could not recall the dates. He does not make any argument concerning the variance in dates between the indictment and the victim's testimony.

testified that she could not remember certain details, because she was "really frustrated [with defendant] at the time." On cross-examination, the district attorney elicited testimony that the witness was "furious" with defendant on account of a "disagreement" that they had had. Defense counsel objected when the district attorney asked, "What did the disagreement involve?" After a discussion in chambers, the cross-examination continued:

"DISTRICT ATTORNEY: [Witness,] you were frustrated and angry at [defendant] because he had been out of line on an earlier occasion with one of your friends; weren't you? You can just answer that yes or no.

"[WITNESS]: Yes."

Defendant argues that the trial court should have excluded that question under OEC 404(3),[4] because it revealed a "prior bad act," and that the court did not analyze the evidence as required by *State v. Johns*, 301 Or 535, 725 P2d 312 (1986). He contends that the question and answer "suggested that a girlfriend of the witness had been raped" by defendant and thereby encouraged the jury to convict him on an improper basis.

We need not decide whether the evidence was properly admitted; no prejudice flowed from the alleged error. The exchange is devoid of a reasonable possibility of the inferences that defendant says that the jury drew. The witness's friend was not identified as female, and there was no suggestion that what defendant had done was either sexual or criminal. There is little likelihood that the admission of the evidence, if it was error, could have affected the verdict. *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987).

Defendant also asserts that the trial court should have granted a mistrial on the same ground. Because the admission of the evidence was not prejudicial, the court properly denied the motion for a mistrial. *See State v. Jordan*, 79 Or App 682, 686, 719 P2d 1327, *rev den* 301 Or 667 (1986).

---

[4] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

■ Finally, defendant argues that the jury's verdicts were fatally inconsistent. A rational jury, he says, could not have found him guilty of rape but not guilty of kidnapping and sodomy.[5] That is an argument raised for the first time on appeal. Defendant did not move for reconsideration of the verdict, ORS 136.480, or for a new trial. ORS 136.535.[6] Accordingly, we do not address the argument. ORAP 5.45(2); *State v. Kessler,* 289 Or 359, 371 n 17, 614 P2d 94 (1980).

Affirmed.

---

[5] The premise of defendant's argument is that the jury had to choose between his credibility and the credibility of the witness, but could not believe them both at the same time. The state counters that the jury did not have to believe all or none of defendant's testimony; the jury could have believed that the victim consented to go to defendant's house and consented to some of the sexual activity, but later resisted sexual intercourse.

[6] At oral argument, counsel took the position that his motions for directed verdict were sufficient to preserve the issue. A motion for directed verdict tests only the sufficiency of the evidence and is made *before* the jury renders its decision; it cannot alert the trial court to alleged inconsistencies *after* the verdict is received.