Argued and submitted July 17, affirmed August 5, petition for review denied November 24, 1998 (328 Or 41)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES P. SHOEMAKER III,
*Appellant.*

(C97-0085CR; CA A97225)

965 P2d 418

Terrance Lee Hogan argued the cause and filed the brief for appellant.

Douglas F. Zier argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals a judgment of conviction of second-degree robbery. ORS 164.405. He argues that the 70-month minimum to which he was sentenced under ORS 137.707(4)(a)(R) is an unconstitutional, cruel and unusual punishment. We affirm.

Defendant, age 17, brandished a knife and demanded that the victim give him his money, ten dollars. Defendant was charged with first-degree robbery. ORS 164.415. He ultimately pleaded guilty to a lesser-included charge of second-degree robbery. ORS 164.405. Defendant had no prior charges or convictions. The trial court sentenced defendant to 70 months, pursuant to the mandatory minimum sentencing provisions of Ballot Measure 11, codified at ORS 137.700 *et seq.*

On appeal, defendant contends that the sentence "was a cruel and unusual punishment, which deprived the Defendant of Due Process of Law" under Article I, section 16, of the Oregon Constitution, and the Fourteenth and Twenty-Fourth Amendments to the United States Constitution. Defendant's articulation of the relationship between his rights to due process, the cruel and unusual punishment provisions of the Oregon Constitution and the voting rights guarantees of the Twenty-Fourth Amendment is not entirely clear. As best as we can understand it, his argument is that the statute imposing his mandatory sentence violates his federal guarantee of due process, because it fails to provide for mitigation, and violates his voting rights, because it requires him to be sentenced as an adult without giving him the right to vote as an adult.

The state responds that defendant's federal constitutional arguments are too "obscure" to respond to and that his state constitutional argument that the sentence is cruel and unusual is likewise untenable. As to the latter, the state explains that, because the voters approved the criminal sentences contained in Ballot Measure 11, it necessarily follows that, as a matter of law, they cannot be cruel and unusual. According to the state, under case law construing Article I,

section 16, of the Oregon Constitution, a sentence is unconstitutionally cruel and unusual only if it "shocks the moral sense of all reasonable persons." The state then reasons:

> "The 'shocks the moral sense of all reasonable persons' standard necessarily requires the court to determine whether *an average citizen* would consider the sentence excessive under the circumstances, not whether the court itself would think so. Given that criminal culpability and the available sentences for criminal conduct are governed by statutes, which are enacted by legislators, who are elected by the people and theoretically are expressing the will of their constituents, it would seem to follow inexorably that where, as here, the defendant engages in conduct that falls squarely within the definition of a criminal offense *and* he has no statutorily defined defense available to avoid or to mitigate his culpability *and* the governing statutes prescribe a specific sentence for such conduct, that prescribed sentence by definition will not shock the moral sense of reasonable persons. *A fortiori*, where, as here, the prescribed sentence recently was enacted by an overwhelming vote of the people, the sentence will not shock the moral sense of reasonable people."

(Emphasis in original.)

As to defendant's argument that his sentence amounts to cruel and unusual punishment in violation of Article I, section 16, of the Oregon Constitution, we have held previously that a 70-month sentence for second-degree robbery committed with a firearm is not " 'so disproportionate to the offense as to shock the moral sense of all reasonable persons as to what is right and proper.' " *State v. George*, 146 Or App 449, 456, 934 P2d 474 (1997) (quoting *State v. Isom*, 313 Or 391, 401, 837 P2d 491 (1992)). We find no reason to reach a different conclusion on the facts of this case, which also involves robbery using a deadly weapon. In so holding, however, we wish to make clear that we neither endorse nor adopt the state's proposed reading of Article I, section 16.

As to defendant's other arguments on appeal, we have given them careful consideration and reject them without further discussion.

Affirmed.