Submitted December 21, 2017, affirmed December 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZAMERE ASONTE BENTLEY,
aka Zimar Travon Bentley,
aka Zimear Bentley-Williams,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR17483; A162520

456 P3d 651

Defendant appeals from a judgment of conviction for second-degree robbery resulting from an incident in which he and an accomplice sought to steal marijuana by force and his accomplice shot the victim in the leg in the course of the robbery. Defendant argues that the trial court erred (1) in denying his motion for judgment of acquittal because he did not intend the degree of force used by his accomplice, (2) in ruling that he did not qualify for a lesser sentence, and (3) in ruling that the mandatory-minimum sentence for that crime was not unconstitutional, as applied to him. *Held*: (1) Defendant was not entitled to acquittal given that he expressed an intention before the robbery to use sufficient force to support a second-degree robbery conviction; (2) defendant did not qualify for a lesser sentence because, even though defendant did not personally inflict the physical injury on the victim, that injury happened in the course of the crime of which defendant was convicted; and (3) defendant's sentence was not unconstitutionally disproportionate.

Affirmed.

Gregory F. Silver, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction for second-degree robbery resulting from an incident in which he and an accomplice sought to steal marijuana by force and his accomplice shot the victim in the leg in the course of the robbery. On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal because he did not intend the degree of force used by his accomplice. He further argues that the court erred in ruling that he did not qualify for a lesser sentence under ORS 137.712 because the significant personal injury suffered by the victim was not a result of the crime of which he was convicted. Finally, he asserts that the mandatory-minimum sentence for that crime is unconstitutional, as applied to him, under Article I, section 16, of the Oregon Constitution. We conclude that defendant was not entitled to acquittal given that he expressed an intention before the robbery to use sufficient force to support a second-degree robbery conviction. We further conclude that defendant did not qualify for a lesser sentence because, even though defendant did not personally inflict the physical injury on the victim, that injury happened in the course of the crime of which defendant was convicted. Finally, we conclude that his sentence was not unconstitutionally disproportionate. Accordingly, the trial court did not err, and we affirm.

For purposes of reviewing the trial court's denial of the motion for judgment of acquittal, "we view the evidence in the light most favorable to the state." *State v. Nickles*, 299 Or App 561, 562, 451 P3d 624 (2019). With that view in mind, the relevant facts are as follows.

Heckler, the victim, was at a laundromat when defendant, who Heckler did not know, approached and asked if Heckler had marijuana to sell. Heckler said that he had "an eighth" that he wanted to get rid of and agreed to sell the marijuana to defendant for $25. They exchanged phone numbers, and defendant contacted Heckler later that night to send him an address. Defendant testified that, when he did so, he intended to steal the marijuana from Heckler. On his way to the meeting place, defendant ran into a man he knew, J. C. After defendant told J. C. that he was on his way

to steal marijuana from Heckler, J. C. asked to come along. Defendant agreed and told J.C. what he planned to do when Heckler took out the marijuana: "[E]ither I snatch it or he gives it to me, puts it in my hand to let me smell it and I run off." J. C. indicated his agreement with that plan.

Heckler arrived at the address given to him by defendant and waited outside of his car. Defendant and J. C. then arrived, and they both approached the passenger's side of Heckler's car. Heckler told them that "[o]nly the person with the money can get in the car." Defendant stepped back, and both J. C. and defendant indicated that J. C. was the one with the money. Heckler then got in his car and, as he unlocked the passenger-side door, he could hear defendant and J. C. talking to each other, but it was muffled, and one of them dropped something that sounded hard when it hit the ground. J. C. bent over and picked up what was dropped, then got in the passenger's side of Heckler's car.

As soon as J. C. got in the car, he pulled out a gun and pointed it at Heckler's chest and instructed Heckler to give him the marijuana. Heckler said, "Whoa, whoa, whoa. Hey stop," but J. C. pointed the gun at Heckler's leg and shot him. Heckler saw defendant at the driver-side door of his car when he was shot. J. C. tried to grab Heckler's car keys, but Heckler fought him off. J. C. then got out of the car, and Heckler was able to drive away and get medical help.

The state charged defendant with one count of second-degree assault, two counts of first-degree robbery, and two counts of second-degree robbery. Defendant waived his right to a jury, and the charges were tried to the court. At the close of the state's case, defendant brought a motion for judgment of acquittal on all the counts, which the court denied. Defendant also argued in closing that the state did not present sufficient evidence to convict him of any of the charges under either a principal liability theory or an accomplice liability theory.

The trial court, in making its verdict, first addressed the second-degree assault and first-degree robbery counts. For those counts, the state's theory depended on defendant knowing that J. C. had a gun. The trial court found that it

could not make that inference from the evidence and, thus, found defendant not guilty of those counts.

With respect to the two counts of second-degree robbery, the trial court focused on defendant's expression of intention before the robbery, that, "[w]hen he takes it out either I snatch it or he gives it to me and puts it in my hand to let me smell it, and I run off." The court found that defendant's expression of intention to "snatch" the marijuana "certainly indicates a willingness to forcefully take something from somebody." The court further explained:

"So what we have here is [defendant] intending to, if necessary, use force or threaten force to take the marijuana from Mr. Heckler, and then along the way asked another person if they wanted to get involved. When he intended to use or threatened the use of force if necessary to get the marijuana from Mr. Heckler, that turned the Theft in the Third Degree into a Robbery in the Third Degree. And when he asked another person to assist him in doing that, that turned Robbery in the Third Degree into Robbery in the Second Degree by being aided by another person actually present."

Accordingly, the trial court found defendant guilty of the two counts of second-degree robbery. The court merged the two guilty verdicts for a single conviction of second-degree robbery.

For that conviction, defendant was subject to a mandatory-minimum sentence of 70 months. ORS 137.700 (2)(a)(R). At sentencing, defendant argued that he was eligible for a lesser sentence under ORS 137.712. The trial court ruled, however, that defendant was not eligible because the victim had suffered a "significant physical injury" as a result of the robbery. ORS 137.712(2)(d)(A). Defendant also argued that imposing the mandatory-minimum sentence in his case was unconstitutional under Article I, section 16. The trial court rejected that argument and, as a result, the trial court imposed a sentence of the mandatory minimum of 70 months. Defendant appeals the resulting judgment of conviction.

On appeal, defendant first argues that the trial court erred in denying his motion for judgment of acquittal

on the second-degree robbery counts at the close of evidence. *See State v. Habibullah*, 278 Or App 239, 242 n 1, 373 P3d 1259 (2016) (a sufficiency of the evidence argument made in closing in a bench trial is "the functional equivalent of a motion for judgment of acquittal"). Specifically, defendant argues that the trial court erred when it convicted him of second-degree robbery based on accomplice liability, because such a conviction required defendant to have the specific intent to promote the specific crime committed by J. C., which involved using a gun. Because the court found that the state failed to present evidence from which it could be inferred that defendant knew that J. C. had the gun, defendant argues, the court should have entered judgments of acquittal on the second-degree robbery counts.

"On review of a challenge to a denial of a motion for acquittal, we view the facts in the light most favorable to the state and consider whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Zweigart*, 344 Or 619, 632, 188 P3d 242 (2008), *cert den*, 558 US 829 (2009). For second-degree robbery, as charged in this case, the essential elements of the crime are that the person commits third-degree robbery and "[i]s aided by another person actually present." ORS 164.405(1)(b). A person commits third-degree robbery if

"in the course of committing or attempting to commit theft * * * the person uses or threatens the immediate use of physical force upon another person with the intent of:

    "(a)   Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

    "(b)   Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle."

ORS 164.395(1). For accomplice liability, "[a] person is criminally liable for the conduct of another person constituting a crime if: * * * [w]ith the intent to promote or facilitate the commission of the crime the person: * * * [a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime." ORS 161.155(2)(b).

Here, defendant only challenges the "use of physical force" element of the crime, arguing that a trier of fact could not have found that he intended for J. C. to "use[] or threaten[] the immediate use of physical force upon another person" because the only force used or threatened during the robbery was J. C.'s use of the gun, which defendant was not aware he had. We reject that argument because, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found, at a minimum, that defendant had the intent to aid J. C. in using some kind of force against Heckler to overcome any resistance to and to aid in the commission of the theft of the marijuana.

Before meeting with Heckler, defendant shared with J. C. his plan to either trick Heckler into letting him hold the marijuana or "snatch" the marijuana from Heckler. J. C. agreed with this plan to use force to steal the marijuana and, after meeting Heckler, defendant stepped back so that J. C. could get in the car with Heckler and steal the marijuana. Defendant's level of intended force was sufficient to meet the essential element of the crime, that the defendant "uses or threatens the immediate use of physical force upon another person." *See, e.g., State v. Johnson*, 215 Or App 1, 6, 168 P3d 312, *rev den*, 343 Or 366 (2007) (the amount of force was sufficient to constitute third-degree robbery when the defendant removed the victim's purse from her arm in such a manner that she did not immediately notice, because the evidence permitted the jury "to infer that [the] defendant intended to use force sufficient to overcome any resistance that the victim may have offered"). That J. C. instead ultimately used a greater level of force to accomplish the crime than defendant intended does not negate that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant aided and abetted in the commission of second-degree robbery.[1]

---

[1] Defendant cites *State v. Lopez-Minjarez*, 350 Or 576, 260 P3d 439 (2011), in support of his argument. In that case, the Supreme Court held that a person who aids and abets the commission of a crime cannot be held liable for other crimes that are the natural and probable consequence of the intended crime. *Id.* at 583. Rather, the person must have had the specific intent to aid in the commission of those other crimes to be guilty of them based on accomplice liability. *Id.* Here, as explained above, there was sufficient evidence from which a rational trier of fact could find that defendant intended to aid in the commission of second-degree robbery.

We also note that defendant's argument on appeal appears to be premised on his assertion that the trial court made inconsistent factual findings when it found him not guilty of the gun-related charges, but guilty of second-degree robbery. That argument, however, is inappropriate for a motion for judgment of acquittal, which is assessed at the point before the factfinder makes its findings. In addition, defendant did not preserve an argument below that the trial court's verdict was inconsistent, and, thus, we do not address it. *State v. Smith*, 101 Or App 483, 488, 791 P2d 500 (1990).

Defendant next argues that the trial court erred in concluding that defendant was ineligible for a downward departure sentence under ORS 137.712 because Heckler suffered a "significant physical injury," as that phrase is used in ORS 137.712(2)(d)(A). Defendant frames the issue as whether Heckler's injury—a gunshot wound—was a result of the crime of which defendant was convicted and argues that Heckler's injury was a result only of the gun-related crimes committed by J. C., and of which defendant was acquitted, and was not a result of the crime of which defendant was convicted. Defendant argues that the trial court erred in considering injuries that were unrelated to the crime of which he was convicted in determining whether he was eligible for a lesser sentence.

The state agrees with the framing of the issue presented by defendant but responds that Heckler's injury was a circumstance that resulted from the offense committed by defendant because Heckler suffered that injury during the course of that offense. That is, explains the state, Heckler suffered his significant physical injury during the single course of conduct that made up the second-degree robbery. The state argues that defendant's lack of knowledge about J. C.'s gun—which was the basis for his acquittal of the gun-related charges—does not break the connection between defendant's crime and Heckler's injury.

We first look at the text of the statute. ORS 137.712 provides, in relevant part:

"(1)(a)  Notwithstanding ORS 137.700 and 137.707, when a person is convicted of *** robbery in the second

degree as defined in ORS 164.405, the court may impose a sentence according to the rules of the Oregon Criminal Justice Commission that is less than the minimum sentence that otherwise may be required by ORS 137.700 or 137.707 if the court, on the record at sentencing, makes the findings set forth in subsection (2) of this section and finds that a substantial and compelling reason under the rules of the Oregon Criminal Justice Commission justifies the lesser sentence. When the court imposes a sentence under this subsection, the person is eligible for a reduction in the sentence as provided in ORS 421.121 and any other statute.

"* * * * *

"(2)   A conviction is subject to subsection (1) of this section only if the sentencing court finds on the record by a preponderance of the evidence:

"* * * * *

"(d)   If the conviction is for robbery in the second degree:

"(A)   That the victim did not suffer a significant physical injury[.]""

    We have previously discussed the application of ORS 137.712(2)(d) in *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007). In that case, we explained:

"The factors listed in ORS 137.712 that are determinative of whether a defendant may be considered for a lesser sentence fall into either of the two categories described in *Lark*, *viz.*, 'conduct of the offender' and 'circumstances attendant on, or resulting from, the commission of the offense.' [*State v. Lark*, 316 Or 317, 324, 851 P2d 1114 (1993)]."

*Arnold*, 214 Or App at 214. We went on to explain that factor (2)(d)(A), "[t]hat the victim did not suffer a significant physical injury,"

"describes a 'circumstance[] *** resulting from[] the commission' of the offense (or, more aptly, the absence of such a circumstance). *Lark*, 316 Or at 324. Thus, a sentencing court could conclude that a defendant was disqualified from receiving a lesser sentence under ORS 137.712 if the victim suffered a significant physical injury in the course of a crime, regardless of whether or not the defendant being sentenced had personally inflicted that injury."

*Arnold*, 214 Or App at 214 (alterations in *Arnold*).

The argument raised by defendant here is foreclosed by that explanation in *Arnold*. Here, Heckler suffered the gunshot wound "in the course of the crime" of second-degree robbery, of which defendant was convicted. It is not possible to parse out Heckler's injury from the course of conduct that constitutes the second-degree robbery, and defendant does not provide a means to do so. Because that factor describes a circumstance resulting from the commission of the crime, it does not matter that defendant did not personally inflict that injury upon Heckler. Accordingly, the trial court did not err in concluding that defendant was ineligible for a lesser sentence under ORS 137.712.

Finally, defendant argues that the mandatory-minimum sentence of 70 months, as applied to him, is unconstitutional under Article I, section 16.[2] Defendant argues that his sentence is disproportionate under that section because he had no criminal history; at most, defendant was prepared only to "snatch" $25 worth of marijuana; and defendant's sentence for third-degree robbery would have been presumptive probation.

The state responds that defendant's sentence is not constitutionally disproportionate because it does not "shock the moral sense" of reasonable people, under the standard set forth in *State v. Rodriguez/Buck*, 347 Or 46, 217 P3d 659 (2009). In addition, the state argues that defendant's conduct was no less serious than in other cases in which we have determined that the 70-month mandatory-minimum sentence for second-degree robbery was not constitutionally disproportionate. *See State v. Johnson*, 244 Or App 574, 583-85, 260 P3d 782 (2011) (the 70-month minimum sentence for second-degree robbery was not disproportionate where the defendant robbed a store holding a gun, even though the defendant was 17 years old and suffered from an undiagnosed mental illness at the time of the offense, had no criminal history, and had returned to productive and good behavior after receiving treatment); *State v. Shoemaker*, 155

---

[2] Defendant also argues that his sentence is unconstitutional under the Eighth Amendment to the United States Constitution. However, defendant does not sufficiently develop a separate argument under that provision, nor does it appear that he preserved an Eighth Amendment challenge below. Thus, we do not address it.

Or App 416, 418-19, 965 P2d 418, *rev den*, 328 Or 41 (1998) (the 70-month minimum sentence for second-degree robbery was not disproportionate where the defendant brandished a knife and demanded the victim give him his money, $10, even though the defendant was 17 years old at the time of the offense and had no criminal history).

Under *Rodriguez/Buck*, we consider three nonexclusive factors to determine whether a sentence is disproportionate, under Article I, section 16: "(1) a comparison of the severity of the penalty and the gravity of the crime; (2) a comparison of the penalties imposed for other, related crimes; and (3) the criminal history of the defendant." 347 Or at 58. In applying the first factor, we weigh the gravity of the offense, using both the statutory definition of the offense and the defendant's conduct. *Id.* at 61-62. In applying the second factor, we compare penalties imposed for related crimes and, "if the penalties for more 'serious' crimes than the crime at issue result in less severe sentences, that is an indication that the challenged penalty may be disproportionate." *Id.* at 63. However, "[i]t is not the role of this court to second-guess the legislature's determination of the penalty or range of penalties for a crime," and, it will be in "rare circumstances" that a sentence requires reversal under Article I, section 16. *Id.* at 58.

Under those considerations, we conclude that the 70-month penalty for defendant's conduct in committing second-degree robbery is not constitutionally disproportionate. Here, defendant planned on robbing Heckler of his marijuana, using force if necessary, and employed the help of J. C. to do so. In the course of the robbery, Heckler was shot by J. C., resulting in a significant leg wound. The more serious, related crime of first-degree robbery carries a mandatory-minimum sentence that is greater—90 months. ORS 137.700(2)(a)(Q). Finally, although defendant had no criminal history, "the lack of prior convictions alone has never been sufficient to render an otherwise constitutional penalty disproportionate." *State v. Shaw*, 233 Or App 427, 439, 225 P3d 855, *rev den*, 348 Or 415 (2010). Accordingly, we affirm.

Affirmed.