***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 23; remanded for resentencing, otherwise affirmed
October 12, petition for review denied December 29, 2022 (370 Or 694)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH KETCHEM,
*Defendant-Appellant.*

Marion County Circuit Court
19CR05609; A175021

Thomas M. Hart, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

In this criminal case, defendant appeals from a judgment convicting him of second-degree burglary, ORS 164.215 (Count 1); second-degree criminal trespass, ORS 164.245 (Count 2); fourth-degree assault, ORS 163.160(2) (Count 3); menacing, ORS 163.190 (Count 4); first-degree burglary, ORS 164.225 (Count 5); first-degree arson, ORS 164.325 (Count 7); and first-degree animal abuse, ORS 167.320(3) (Count 10). Defendant raises 10 assignments of error. In his first three assignments, defendant contends that a police detective was not qualified to testify as a fire investigation expert, and that the trial court erred in admitting the detective's opinions regarding whether devices used by police caused a fire. In his fourth assignment of error, defendant claims that the jury's verdict was inconsistent on two counts, and thus he is entitled to a new trial. In his fifth assignment of error, defendant contends that the trial court erred by failing to shift his criminal history score to "I" on Count 5. In the sixth and seventh assignments, defendant claims that the trial court erred in imposing a sentence on Count 5 using a criminal history score incorporating the convictions on Counts 3 and 4. Finally, in his eighth, ninth, and tenth assignments of error, defendant contends that the restitution award for the costs of repairs, replacement, and loss of use of property was not reasonable.

As explained below, we conclude that defendant did not preserve his fourth assignment of error and we decline to address it as plain error. Regarding the fifth assignment of error, the state concedes that the trial court erred in failing to "shift-to-I" before imposing the sentence on Count 5. We agree with and accept the state's concession which obviates the need to address the sixth and seventh assignments of error. We further conclude that the trial court did not err in admitting the detective's testimony and it did not err in awarding restitution, thus disposing of defendant's remaining assignments of error. We remand for resentencing and otherwise affirm.

A detailed discussion of the facts of this case would not benefit the bench, bar, or public. We begin with the challenges to the expert testimony. Defendant asserts that the

trial court erred in determining that a police detective was qualified to testify as a fire investigation expert. The detective was present during part of the incident, which involved defendant entering a house in Salem, and the house being subsequently damaged in a fire. Defendant does not dispute that the fire began inside the house. While attempting to take defendant into custody, police used "flash bang" devices and canisters of CS (tear) gas. The detective opined that those devices did not cause or contribute to the fire because the "flash bang" devices were used outside the house and police used the CS canisters after the fire had already started.

We conclude that the detective's specific testimony was not scientific because it was based in part on the detective's observations, and, in arriving at those opinions, the detective did not rely on principles of science or a scientifically validated method. *See* OEC 702; *State v. Evensen*, 298 Or App 294, 311-17, 447 P3d 23, *rev den*, 366 Or 64 (2019) (analyzing when expert testimony is scientific and determining jury would not have regarded detective's testimony as scientific). In addition, we conclude that the detective was qualified to offer opinions about whether the devices caused the fire based on his training and experience. *See State v. Rivera-Ortiz*, 288 Or App 284, 293, 406 P3d 73 (2017), *rev den*, 362 Or 665 (2018) (officer's training and experience supported the specific opinions provided). It was not error to admit the detective's testimony.

In his fourth assignment of error, defendant claims that the jury's verdict was inconsistent as to two counts. We do not address that argument because defendant did not preserve it below and we decline to address it as plain error. *See State v. Zweigart*, 344 Or 619, 630-31, 188 P3d 242 (2008), *cert den*, 558 US 829 (2009) (noting that verdicts might have been inconsistent but the defendant made no objection when the jury was present and failed to invoke statutory procedure to obtain clarification from the jury; rejecting plain error review); *State v. Bentley*, 301 Or App 347, 354, 456 P3d 651 (2019) ("[D]efendant did not preserve an argument below that the trial court's verdict was inconsistent, and, thus, we do not address it.").

In his eighth, ninth, and tenth assignments of error, defendant challenges the trial court's imposition of $434,866.83 in restitution. Whether a restitution amount is reasonable is a challenge to the sufficiency of the evidence. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). "We review questions of the sufficiency of the evidence by examining the evidence in the light most favorable to the state, as the party that prevailed in the trial court." *Id.* Regarding the costs for repairs to the house damaged by the fire, the court was provided photographs of the substantial damage. An experienced insurance adjuster testified regarding her assessment and supervision of the repairs, and she visited the property several times. The insurance adjuster explained that, based on an estimate for the repairs, she had discussions with the general manager or project manager and others before agreeing to the amount. Following the adjuster's visits and estimates with contractors, the insurance company paid for the repairs. Considered together, that evidence supports an inference that the costs for repairs were reasonable. *See id.* at 623 (detailed repair estimate and photographs of damage "sufficient to permit a reasonable factfinder to infer that the repair costs were a reflection of the relevant market rate and, thus, reasonable").

Defendant challenges whether the restitution amounts for replacement items and temporary housing were reasonable. The state contends that that argument was not preserved. We conclude otherwise. Defendant objected to the state's request for the total amount of restitution, which included payment for replacement items and temporary housing. That objection was sufficient to preserve his challenge to all aspects of the restitution award. *State v. Wirfs*, 250 Or App 269, 273, 281 P3d 616, *rev den*, 352 Or 378 (2012) ("Whether a party adequately presented a contention to the trial court varies depending on the nature of the claim or argument.").

The evidence for the cost of replacement items included photographs of damage to items inside the house. The insurance adjuster was involved in refurbishing the home, and the insurance company paid less for replacement

items than the amount stated by one of the victims, who testified regarding the value of her destroyed art and supplies. Regarding loss of use, there was evidence that the fire rendered the house uninhabitable. The insurance adjuster moved some victims from a hotel to a rental property and she made efforts to ensure that the repairs to the house occurred in "a timely manner." That evidence was sufficient to support a conclusion that the restitution amounts for replacement items and temporary housing were reasonable.

Defendant's fifth, sixth, and seventh assignments of error concern sentencing. Defendant asserts, and the state concedes, that the trial court erred in failing to apply the "shift to I" rule when sentencing defendant on Count 5. As we have explained, "when multiple consecutive sentences are imposed for crimes committed during the same criminal episode, only the primary offense is sentenced based on the offender's true criminal history; the additional offenses are classified under column I as required by OAR 213-012-0020(2)(a)(B)." *State v. Decleve*, 299 Or App 528, 531, 450 P3d 999 (2019). Here, the state concedes that the crimes in Counts 5 and 7 were committed during the same criminal episode. The conviction for arson in Count 7 was the primary offense. OAR 213-003-0001(17) (defining "primary offense" in sentencing rules). Thus, when sentencing defendant on Count 5, the trial court should have shifted defendant's criminal history score to "I." OAR 213-012-0020(2)(a)(A) (explaining application of "shift to I" rule). The trial court failed to do so. Therefore, we remand for resentencing.

In his sixth and seventh assignments of error, defendant makes the alternative argument that the trial court erred in reconstituting his criminal history score on Count 5 using the convictions from Counts 3 and 4. The state does not concede that the crimes in Counts 3 and 4 occurred during the same criminal episode as those in Counts 5 and 7. However, applying the "shift to I" rule on Count 5 means that the sentence for that crime will be "calculated as though the defendant had no prior criminal history." *State v. Worth*, 274 Or App 1, 26, 360 P3d 536 (2015), *rev den*, 359 Or 667

(2016) (internal quotation marks omitted). Thus, as a result of the remand for resentencing, we do not need to address the sixth and seventh assignments of error.

Remanded for resentencing; otherwise affirmed.